POWELL *v.* TOMLINSON.

[92 South. 221.   No. 22616.]

1. LANDLORD AND TENANT. *Subtenant, by reason of liability of his crops to landlord's lien, held a surety for original tenant's debt for supplies.*

By virtue of the fact that section 2832, Code 1906, Hemingway's Code, section 2330, gives the landlord a lien for supplies with which to make a crop on all agricultural products raised on the leased premises by whomsoever produced, a subtenant by reason of the liability of his crops to such lien, to that extent occupies the relation of a mere surety for the debt due by the original tenant to the landlord for such supplies.

2. LANDLORD AND TENANT. *Where landlord takes additional security for tenant's indebtedness, this releases subtenant, who is surety for advances.*

Where the principal debtor and the creditor make a material change in the contract evidencing indebtedness between them, without the consent of the surety, the latter is thereby released from his obligation as such surety; and, under this principle, where the landlord takes other and additional security from his tenant than the lien given by law for advances made the tenant with which to make crops on the leased premises, and extends the date of the payment of such indebtedness, this operates to release the subtenant, the surety for the debt of the tenant. and to free the crops produced by him on the leased premises from the original tenant's debt to the landlord, and therefore a purchaser of such crops from the subtenant likewise gets them freed from the lien of the landlord.

APPEAL from circuit court, Marshall county.

HON. W. A. ROANE, Judge.

Action by B. N. Powell against S. B. Tomlinson. Judgment for the defendant in the justice court, and the plaintiff appealed to the circuit court, where judgment was again rendered in favor of defendant and plaintiff appeals. Affirmed.

*Lester G. Fant,* for appellant.

In the case of *Ellis* v. *Jones,* 70 Miss.—, the language of Judge COOPER says: "The lien given by the statute for supplies is to secure a debt due to the landlord, and the existence of such debt is necessary to the existence of the lien. Neither the letter nor spirit of the statute warrants its application to debts due by the tenant to the third person, even though the landlord be liable as surety or guarantor for the tenant."

This language at first blush would appear to give some comfort to the appellee in his contention, but when we look at the facts in the case that this attention of the physician is brought by the landlord and handed over to the tenant just as though he were buying from a merchant, meal, or flour, and handing it to the tenant, the comfort for the appellee disappears. Otherwise, I don't care how much in the way of doctor's attention and medical services a landlord might be called on to render his tenant and his tenant's family there would be no lien on the crop, and if a doctor's bill is not supplies in the sense that it is personal attention of the doctor sold to the landlord for the benefit of the tenant our statutory landlord's lien would be of little value, either to the landlord or the tenant.

The only other point made by counsel in his brief that we care to notice is the proposition as laid down by the case of *Gaines et al.* v. *Keeton,* 68 Miss. 473, where the language of the court is quoted as being: "Where a landlord through an agent furnishes supplies to his tenant, and to secure payment, the agent not resting upon the statutory lien, takes in his own name, a trust deed on the crops and other property of the tenant, his agency not being disclosed by the instrument, etc." Now the reason for this holding by the court in this case is that the agent furnishing the supplies took a lien inconsistent with the statutory lien by taking a deed of trust on the crop of the tenant himself.

If the deed of trust taken by this agent had been on property other than property of the tenant, or the property

of the tenant that the landlord did not have any lien on, it would not have been inconsistent with the statutory lien and it would have been all right for the landlord or his agent to have taken additional security provided he took no security that was inconsistent with that statutory lien. The law nowhere requires a landlord or a merchant or a doctor to confine themselves to one security for the debt. The case at bar shows this: That the landlord was willing to furnish the medical attention which the tenant so sorely needed but in addition to his statutory lien on the crops to be raised and gathered by the tenant, he did not take a deed of trust on this crop nor did the doctor, but the deed of trust was for additional security and taken on a horse belonging, not to the tenant, but the private property of his wife, being additional security it is true, to the landlord's lien, but not security inconsistent with the statutory lien. Afterwards the landlord also took a deed of trust not on the crop of this tenant, but on the property of his wife to be raised during the year 1921. The idea being in the landlord's mind that if the crop of the tenant was sufficient to pay his debt, that he would not have to go on the property that his wife had put up, as an accommodation endorser so to speak, but that if the crop was insufficient to pay him out, the wife was willing to give a deed of trust on her horse as additional security, not inconsistent but additional. There could be no possible idea that there had been an abandonment of one lien because another lien was taken on different property. We call to the court's attention, that none of the deeds of trust taken either by the landlord or by the doctor, were on property belonging to the tenant, Wesley Leseure. This is the distinction that the lower court failed to make, and we respectfully urge that this is fatal error and that there is nothing to support the lower court's ruling that peremptory instruction should have been given, and that the jury should have been allowed to pass on the facts.

There is one view of the situation disclosed by this record, that we want the court to especially take into considera-

tion. If Wesley Lesure by the crop that he raised on the land of Mr. Powell could pay his indebtedness to Mr. Powell, it was the duty of Mr. Powell to make the debt out of Wesley Lesure's assets if possible before he would have a right to go upon the property of Lesure's wife who was not principal, but surety, not primarily liable, but only secondarily liable, and Powell, the landlord owed it to the accommodation endorser, the wife of Lesure, to enforce his landlord's lien to the uttermost.

*Wall Doxey,* for appellee.

In the case of *Scott & Garrett* v. *Green River Lumber Company,* 116 Miss. 524, Judge ETHRIDGE said on page 533: "It is a familiar principle of law that, where two parties are in a situation where one or the other must suffer for the default or act of some third person, and one party has it within his power to prevent, by reasonable means either party from suffering, and fails to do so, he will be held responsible for the loss which he might have obviated. In all cases of damage it is the duty of the party who is damaged to reduce his damages where it is reasonably within his power to do so, etc."

The case of *Gaines et al.* v. *Keeton,* 68 Miss. 473, settles the question in the case at bar beyond dispute in favor of appellee. "Where a landlord through an agent furnishes supplies to his tenant, and to secure payment, the agent not resting upon the statutory lien, takes in his own name, a trust deed on the crops and other property of the tenant, his agency not being disclosed by the instrument, a purchaser in good faith from subtenants of their crops cannot be held liable on such claim for supplies."

From any angle in which this case at bar could be reasonably considered, appellee is not liable. The theory that the landlord (appellant) furnished the supplies, the doctor, services, taking that view of the case, certainly shows, without doubt that the doctor was his agent. The record shows beyond dispute that the statutory lien was not re-

lied upon, but to secure payment for services rendered the tenant by Doctor Moore, he, Doctor Moore, took in his own name a trust deed securing said indebtedness, and surely if he was appellant's agent, such agency was not disclosed in any wise by the instrument.

Learned counsel for appellant makes the statement in his brief that, "The doctor's bill was included not on the theory that the landlord had guaranteed the doctor's bill but the landlord himself had made the bill."

Notwithstanding upon what theory it was included taking his theory, the necessity of agency is obvious and the acts of the agent is undisputed, but this theory is not borne out by the record in this case, and this phase of appellant's contention is evidently injected into this case in an effort to avoid the disastrous effect of the case of *Ellis* v. *Jones,* 70 Miss. 60, upon appellant's "theories" of the case at bar. Judge COOPER in delivering the opinion of the court in this case said:

"The lien given by the statute for supplies is to secure a debt due to the landlord, and the existence of such debt is necessary to the existence of the lien. Neither the letter nor spirit of the statute warrants its application to debts due by the tenant to third persons, even though the landlord be liable as surety or guarantor for the tenant. She was, if anything debtor with the tenant to Jones, etc."

In the case at bar, Mr. Powell appellant, though slow to admit it, was only a guarantor. He was asked the question "You merely secured Dr. Moore for his fee for Wes. Lesure?" His answer,—"Yes, sir." Question—"You were debtor, and so was Wes. to Dr. Moore?" His answer,— "Yes, sir."

It is most respectfully submitted that the principles of law as set forth in this case govern and decide without a shadow of a doubt any reasonable or logical view that could be possibly taken of the case at bar and most decisively settles the issue herein in favor of the appellee, and the learned trial judge could have done nothing else

under the law other than as the record in the case shows, sustained defendant.

. Therefore, it is most respectfully and earnestly urged that this case be affirmed.

Anderson, J., delivered the opinion of the court.

This case originated in the court of a justice of the peace of Marshall county. Appellant, B. N. Powell, there sued appellee, S. B. Tomlinson, for one hundred and twenty-three dollars and thirty-seven cents. There was a judgment in favor of appellee, from, which appellant appealed to the circuit court. There was a trial in the circuit court, and again a judgment was rendered in favor of appellee, from which appellant prosecutes this appeal.

Appellant leased for the year 1920 a part of his farm to one Lesure. The latter in turn sublet a part of the land so leased from appellant to Crane; therefore Lesure was appellant's tenant and Crane Lesure's tenant and appellant's subtenant. Appellant furnished his tenant, Lesure, money, goods, and supplies with which to make a crop amounting in price to four hundred and fifty-three dollars and sixty-five cents. Of this amount Lesure paid appellant out of .the proceeds of his crops all but one hundred and twenty-three dollars and thirty-seven cents. Appellant furnished the subtenant Crane nothing; but appellee furnished him the means with which to make a crop on the land sublet to him, and to secure the payment of the same took a deed of trust on the crops raised by him thereon. The subtenant Crane paid the rent he agreed to pay to his landlord Lesure, and the balance of his crop he sold and delivered to appellee, to be applied on his said supply indebtedness. Thereupon appellant sued appellee for the conversion of said crops so bought by the latter, seeking to hold appellee liable to the extent of the balance due appellant by his said tenant Lesure. At the time of the bringing of this suit appellant held as security for said balance due him two deeds of trust; one executed by Lesure and

wife to Dr. Moore on some stock and by the latter assigned to appellant; and the other executed either by Lesure and wife jointly or by the wife alone (the record leaving this in some uncertainty) on the crops to be raised during the year 1921 as well as other property. This latter deed of trust secured supplies to be advanced during 1921, and further provided that it should be security for said unpaid balance due appellant by his said tenant for advances for the year 1920, and fixed the date of payment, as we understand the record, some time in the fall of 1921.

The question is whether or not with that security in his hands appellant will be permitted under the law to pursue a purchaser in good faith from his subtenant of the agricultural products raised by such subtenant. We have a case here where the agricultural products were not purchased from the original tenant, but from the tenant of such tenant, therefore the subtenant of the landlord, who owed the latter nothing whatever for either rent or supplies.

It was held in *Applewhite* v. *Nelms,* 71 Miss. 482, 14 So. 443, that in view of the fact that section 2832, Code of 1906 (Hemingway's Code, section 2330), gave a lien to the landlord for his rent on *all agricultural products raised on the leased premises by whomsoever produced,* that a subtenant, by reason of the liability of his crops to such lien, to that extent occupied the relation of surety for the debt due by the original tenant to the landlord for rent, and therefore had a right to compel the landlord to first resort to the estate of the tenant, the principal debtor, including all securities held by him against such tenant, before resort could be had to the crops of the subtenant.

*Scott & Garrett* v. *Green River Lbr. Co.,* 116 Miss. 524, 77 So. 309, although not directly in point, is illustrative of the principle involved. It was held in that case that a landlord having a claim for rent against his tenant, and also a right of action against a person buying products of the leased premises from such tenant, and who thereafter becomes indebted to his tenant for wages due or in some

other manner, is bound to apply such wages, to the extent that they are not exempt from the debts of the tenant, to said rent claim. It was said in that case that the landlord was bound to use reasonable means to reduce his claim against the purchaser from the tenant, and therefore he would not be permitted to throw away an opportunity to collect his debt by other means, and resort to a purchaser in good faith from the tenant, of the agricultural products.

Here we have simply the subtenant Crane as surety for the indebtedness of *his landlord* Lesure to the original landlord, appellant, to the extent of the value of the crops produced on the leased premises by such subtenant. And we have the landlord entirely ignoring the security given him by his tenant Lesure and his wife in the form of said two deeds of trust, on crops and stock, and seeking to recover the whole amount of such balance due him by his tenant, from the purchaser of the crops from his subtenant. Under the law where the principal debtor and the creditor make a material change in the contract evidencing the indebtedness without the consent of the surety, the latter is thereby released from his obligation. That is what was done here, and it had the effect to release the subtenant, the surety for the debt of the tenant, and to free the crops produced by him on the leased premises from the original tenant's debt to the landlord; and from this it follows that the purchaser of such crops from the subtenant got them likewise freed from the lien of the landlord.

*Affirmed.*